IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**VIRGINIA SMITH, DEPENDENT OF WALTER F. SMITH (DECEASED),**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-156**      (JCN: 2020008001)

**PINE RIDGE,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, in its**
**capacity as administrator of THE SELF-INSURED EMPLOYER SECURITY**
**RISK POOL, Respondent**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Virginia Smith, wife of the decedent Walter F. Smith, appeals the March 21, 2023, order of the Workers' Compensation Board of Review ("Board"). West Virginia Offices of the Insurance Commissioner in its capacity as administrator of The Self-insured Employer Security Risk Pool ("Risk Pool") filed a timely response.[1] Ms. Smith did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which denied a claim for workers' compensation dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith died on March 31, 2019, and his death certificate listed the primary cause of death as cardiac arrest secondary to respiratory failure, acute. The underlying causes were bilateral pleural effusions, congestive heart failure, and end-stage renal disease. Ms. Smith subsequently filed an application for dependents' benefits, alleging that Mr. Smith's death had been caused by occupational pneumoconiosis ("OP"). Mr. Smith had previously

---

[1] Ms. Smith is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Risk Pool is represented by James W. Heslep, Esq. Pine Ridge did not appear.

been diagnosed with OP[2] and had received a 50% permanent partial disability ("PPD") award for OP.

On August 17, 2021, the Occupational Pneumoconiosis Board ("OP Board") issued a report, based on a review of available medical records, finding that OP was not a material contributing factor in Mr. Smith's death. The OP Board had not reviewed any radiographic evidence at the time of its report. On October 18, 2021, the claim administrator issued an order denying Ms. Smith's application for dependents' benefits based on the findings of the OP Board. Ms. Smith protested this order.

The OP Board testified at a hearing on December 21, 2022, regarding its review of this matter and its report. Prior to the hearing the OP Board reviewed x-ray studies (some made by the Board in 1989, 1994, and 1997) and CT scans submitted in this claim. The OP Board's radiologist testified that he was unable to diagnose Mr. Smith with OP. The OP Board testified that Mr. Smith's x-rays did indicate a diagnosis of OP, but it opined that was a false positive diagnosis as a result of underlying emphysema. It was determined by the OP Board that Mr. Smith's CT scans did not reveal the parenchymal opacities, pleural disease, pleural plaques, or pleural calcifications that would be necessary to diagnose OP. The OP Board opined that CT scans are more accurate than x-rays for diagnosing OP. The OP Board noted that Mr. Smith had a long history of smoking and he had been diagnosed with emphysema, which it characterized as severe. After a review of radiographic evidence, the OP Board ultimately upheld its initial determination that OP was not a material contributing factor to Mr. Smith's death.

On March 21, 2023, the Board affirmed the claim administrator's order denying Ms. Smith's application for dependents' benefits based on the findings of the OP Board that there was no reliable radiographic evidence of OP. Ms. Smith now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

---

[2] The OP Board's Findings dated August 17, 2021, indicate that, prior to his death, Mr. Smith was examined by the OP Board in 1989, when it determined he had 25% impairment resulting from the disease. When it examined him again in 1994, it found a 5% increase (30% impairment), but the Appeal Board reversed its finding and granted a 50% permanent partial disability award by order dated May 13, 1997. When the Board last examined Mr. Smith in April 2004, it found no impairment above the 50% impairment previously awarded to him.

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Smith argues that the OP Board was clearly wrong in their determination that OP was not a material contributing factor to Mr. Smith's death based on the lack of evidence of OP in Mr. Smith's CT scans. Ms. Smith argues that Mr. Smith's x-rays revealed evidence of OP. Ms. Smith further argues that the evidence establishes that Mr. Smith was diagnosed with OP in 2010, suffered symptoms consistent with OP for 16 years prior to his death, and was granted a PPD award based on his diagnosis of OP.

West Virginia Code § 23-4-6a (2005) provides that, the "[Board of Review] shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record."

The Board found that the OP Board was not clearly wrong in its determination that OP was not a material contributing factor of Mr. Smith's death. The Board noted that the OP Board found no evidence of OP after reviewing Mr. Smith's CT scans. The Board further noted that the OP Board explained that while Mr. Smith's x-rays revealed evidence of OP, CT scans are the more accurate radiographic test for OP. Thus, the Board affirmed the claim administrator's order based on the findings of the OP Board.

Upon review, we conclude that the Board was not clearly wrong in determining that the OP Board's findings were accurate based on the CT scans revealing no evidence of OP. Further, the Board was not clearly wrong in affirming the claim administrator's order denying dependents' benefits based on the findings of the OP Board that OP was not a material contributing factor to Mr. Smith's death.

Finding no error in the Board's March 21, 2023, order, we affirm.

Affirmed.

3

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating